UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEEGAN FORBES,

        Plaintiff,

v.                                    Case No. 15-12673
                                       HON. TERRENCE G. BERG
                                       HON. MONA K. MAJZOUB

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL DEPOSITION TESTIMONY (DKT. 15)**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's motion to compel Plaintiff Keegan Forbes to answer deposition questions regarding a physical altercation. (Dkt. 15, pp. 8-9.) Defendant brings its motion pursuant to Federal Rules of Civil Procedure 37(a)(3)(b)(i) and 37(a)(4). (*Id.* at 9.) The Court granted Defendant leave to file this motion on June 20, 2016. (*See* June 20, 2016 text-only order.) Defendant filed its motion on June 23, 2016, and Plaintiff timely responded. (*See* dkts. 15-16.) For the reasons set out below, Defendant's motion to compel is **GRANTED**, and Plaintiff is **ORDERED** to answer the questions put to him by Defense counsel concerning his knowledge of an altercation occurring on December 24, 2014.

In this case, Plaintiff is asserting a claim for First-Party No-Fault Benefits or PIP benefits for injuries he allegedly sustained in a car accident on December 26, 2014 in either Scio Township or Dexter, Michigan. (Dkt. 1, Ex. A, ¶¶ 3-4.) Crucial to

the resolution of this dispute, and to Defendant's defense, is the determination of what, if any, injuries Plaintiff suffered as a result of the car accident. Plaintiff has given several versions of how his injuries occurred as a result of the car accident. (*See* dkts. 15-1, pp. 4-6; 15-2, pp. 62-64.)

Police reports obtained during discovery, as well as deposition testimony from Plaintiff and his mother, Jodi Lynn Oltsersdorf, further indicate that Plaintiff was involved in a physical altercation the night before the alleged car accident. (*See* dkts. 15-1, pp. 3-4; 15-2, p. 73; 15-3, p. 65.) Oltsersdorf informed police on two separate occasions that Plaintiff had been beaten up the night before. (Dkt. 15-1, pp. 3-4.) Oltsersdorf later repeated in her deposition that Plaintiff "had got in a huge fight" the day before he was allegedly injured in the car accident. (Dkt. 15-3, p. 65.) Plaintiff confirmed this information in his deposition, admitting that he was "beat up" the night before the car accident "somewhere on Jackson Road." (Dkt. 15-2, p. 73.)

When pressed by defense counsel for any details surrounding the physical altercation, Plaintiff refused to answer. (Dkt. 15-1, pp. 74-75.) Defense counsel asked Plaintiff to identify the individuals he was with that evening on Jackson Road, but Plaintiff responded that he did not "have to" answer that question and was not going to answer it. (*Id.* at 74.) In response to defense counsel's indication that a judge could issue an order compelling Plaintiff to answer the question, Plaintiff retorted "I got time. I'll answer it to his face." (*Id.*) Later, when questioning resumed, Plaintiff responded to every question regarding the altercation by stating:

"I don't remember." (*Id.* at 77.) Plaintiff further stated that was "intoxicated on drugs for the past four years" and therefore does not always remember what he was doing or who he was with at specific moments in time. (*Id.*) Defense counsel believes that Plaintiff is willfully evading the questions.

In his response, Plaintiff argues that Oltsersdorf's testimony is not credible and asserts that "Defendant intentionally only attaches a partial excerpt of her deposition to its present Motion, but leaves out countless instances of her misstating the truth, and flat out lying." (Dkt. 16, ¶ 6.) Plaintiff does not cite to specific examples of such false statements, nor does he attach any other excerpts from the deposition in question to his response. Plaintiff also maintains that the altercation is irrelevant to this case because Plaintiff was not injured and did not seek medical treatment afterward. (*Id.* at ¶ 7.) Finally, Plaintiff argues that he was not evading the questions – he simply did not remember any details of the incident. (*Id.* at ¶ 8.)

This matter has been raised on two separate occasions during telephonic status conferences.[1] On May 10, 2016, defense counsel raised the issue of Plaintiff's deposition answers with the Court during an end-of-discovery status conference. The parties were directed to confer and file a stipulated agreement extending the discovery period, but no such stipulation was ever filed.

Then, on June 20, 2016, the Court held another status conference with the parties at the behest of defense counsel to discuss Plaintiff's refusal to provide any

---

[1] It has been necessary for the Court to intervene in several discovery disputes between these parties. (*See* dkt. 8; December 1, 2015 text-only order; June 20, 2016 text-only order.)

3

details regarding the physical altercation. The parties were given notice of the status conference on June 15, 2016. (Dkt. 14.) The effectiveness of the status conference was undermined, however, because Plaintiff's counsel chose not to participate in the call, instead allowing another attorney who was not as familiar with the case to appear in his place. The Court granted Defendant leave to file a motion to compel, extended discovery in this matter by 30 days, or until July 22, 2016.

Defendant has requested an order compelling Plaintiff to response to certain deposition questions within 14 days. Under Federal Rule of Civil Procedure 37(a)(3)(B)(i), a party may move for an order compelling a deponent to respond to a question asked pursuant to Federal Rule of Civil Procedure 30 (oral depositions) or 31 (written depositions). Federal Rule of Civil Procedure 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Failure to obey a court order to provide discovery under Rule 37(a) can result in the following sanctions:

  i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
  ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
  iii. striking pleadings in whole or in part;
  iv. staying further proceedings until the order is obeyed;
  v. dismissing the action or proceeding in whole or in part;
  vi. rendering a default judgment against the disobedient party; or
  vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Moreover, instead of or in addition to these sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to provide discovery], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party is allowed to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." The Court finds that Plaintiff has willfully refused to answer relevant questions pertaining to a physical altercation that is material to Defendant's defense and to the ultimate disposition of this case. For this reason, the Court directs Plaintiff's attention to Fed. R. Civ. P. 37(b)(A)(v), allowing for a case to be dismissed in whole or in part as a sanction for failing to comply with this Order.

The Court makes no determination at this stage as to the credibility of potential witnesses or the merits of Plaintiff's claim. The excerpt of Plaintiff's transcript, however, demonstrates that Plaintiff was not unable to recall details; he simply chose to stop answering questions regarding the altercation, and then later just kept repeating "I don't remember." Moreover, Plaintiff exhibited a truculent and uncivil attitude that suggested a desire to obstruct the course of the proceedings.

5

To defend this suit, Defendant should have the *opportunity* to depose anyone present at the physical altercation or who otherwise may be able to shed light on what occurred. Plaintiff argues that the fight is irrelevant to this case because he did not seek immediate medical treatment – but he did seek medical treatment less than 24 hours later on December 26, 2014, claiming that he had physical injuries from a car accident. (*See* dkt. 15-1.) Both the ability to prove the origin and extent of Plaintiff's physical injuries and Defendant's capacity to present a defense of this case are being unduly hampered by Plaintiff's recalcitrance. This will not be permitted.

Defendant's motion to compel Plaintiff to answer deposition questions regarding a physical altercation that occurred in the days leading up to the alleged car accident is **GRANTED**. Plaintiff will answer Defendant's questions within **14 days** of the date of this Order or appropriate sanctions under Federal Rules of Civil Procedure 37(b)(2)(A) and (b)(2)(C) will be applied.

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 13, 2016, using the CM/ECF system and/or postal mail.

By: s/A. Chubb  
Case Manager